*Decision will be entered under Rule 50.*

RIDGEWOOD PROVISIONS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3340.   Promulgated January 18, 1946.

*John D. Armstrong, Esq.,* for the petitioner.
*William A. Schmitt, Esq.,* for the respondent.

88

### OPINION.

LEECH, *Judge*: This controversy presents the usual troublesome question of the reasonableness, for income tax purposes, of salaries paid by a corporation to its executive officers. The question being one of fact, all the circumstances presented by the particular case at hand must be weighed. Various criteria have been applied in attempting to arrive at an amount that may be found proper for tax purposes. Where, as here, the salaries in question are those paid to officers, who are the sole stockholders holding an identical interest, as well as the sole directors, the payments must be closely scrutinized, to learn whether what are denominated salary payments are not in fact a distribution of corporate profits. The burden is upon the petitioner to overcome the prima facie correctness accorded the respondent's determination. In a small corporation such as petitioner, operated somewhat along the lines of a partnership, as the evidence indicates, the difficulty of drawing the line between what is in fact paid as salary and what part is in the guise of a distribution of profits is apparent. Notwithstanding the difficulty imposed, we must determine the fact in the light of the particular circumstances and the application of experience gained from passing on such cases so often presented here for review.

. The three individuals whose salaries are in controversy, through prior association with a similar concern, were well acquainted with the nature of the business petitioner was engaged in when they acquired its shares of capital stock. They were well aware of the peculiar capabilities each possessed. Taking over a failing concern, through their knowledge of the problems involved and their willingness to make sacrifices and apply their industry almost to the limit of physical endurance, they have succeeded in rehabilitating the company into a successful and continuously progressive business. The record shows that in 1937, the year prior to acquisition of petitioner, its gross sales were $20,285.55. The gross sales were increased to $123,440.70 in 1938; to $203,805.08 in 1939; and to $252,963.79 in the taxable year, 1940. The gross profit increased in greater proportion. The efforts that made such achievement possible command a fair reward. The record demonstrates that, while the salaries paid were not definitely fixed at the beginning of the year, it was the practice to draw equal amounts as salary from time to time and to approve the payments made by year-end resolution. Was the payment of $15,000 each reasonable compensation for the services rendered in the taxable year under the circumstances here disclosed? The evidence establishes that the three individuals worked fewer hours in 1940 than in 1939; they employed the same amount of help at the same rate of wages and the aggregate salary paid to the three executives in 1939 was $33,000,

or $11,000 each. The gross sales and gross profit in 1940 increased, but this condition appears to have resulted from increased working facilities and the installation of some modern equipment which, with less personal effort, permitted them to meet the growing demand for their products. Increased prices may have been an influence, but as to this fact we were not apprised.

Petitioner's claimed deduction of $33,000 for salaries paid the three executives in 1939 was not disallowed by the respondent. The failure to disallow a claimed deduction is not, we think, the equivalent of an allowance. Nor is the failure of respondent with respect to a claimed deduction in one taxable year binding in a subsequent and different tax period. Nevertheless, it is an evidentiary fact to be considered along with the other circumstances. The record does not convince us that petitioner has shown any logical reason for increasing the salaries of its executive officers in the taxable year 1940 over those paid in the preceding year. The only showing made is that of increased sales and a larger gross profit. Such achievements were not the result of increased responsibilities or added effort. In fact, these officers actually devoted less time to petitioner's affairs. Giving proper consideration to all the circumstances presented, we conclude that a reasonable allowance for salary to each of petitioner's officers in the taxable year 1940 is $11,000.

*Decision will be entered under Rule 50.*