Lincoln Can Manufacturing Corporation v. Commissioner.
Lincoln Can Mfg. Corp. v. Commissioner
Docket No. 5506.
United States Tax Court
1946 Tax Ct. Memo LEXIS 230; 5 T.C.M. (CCH) 218; T.C.M. (RIA) 46073; March 28, 1946
Elliot F. Glassberg, Esq., 60 East 42nd St., New York 17, N. Y., for the petitioner. William A. Schmitt, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Petitioner seeks a redetermination of its tax liability for the taxable year 1941, as follows: Declared
value excess-
Excess-
Income tax
profits tax
profits tax
$2,959.38
$2,132.79
$3,098.50
The sole contested issue is the reasonableness of the compensation paid by petitioner to its four officers for services rendered during the taxable year. Findings of Fact Petitioner is a New York corporation organized in 1932, and has its principal place of business in the Borough of Brooklyn, New York City, New York. Its *231 income tax return for the calendar year 1941 was filed with the collector of internal revenue for the first district of New York. Petitioner is engaged in the manufacture and sale of tin cans for the olive oil trade. It keeps its books and makes its Federal income tax returns on an accrual basis of accounting. The petitioner's four officers whose compensation is in question are: Anthony Oppedisano, president; Dominico D'Agostino, vice-president; Emilio Salvatore, treasurer; and Pasquale Ferrara, secretary. These individuals held petitioner's outstanding capital shares in equal proportions, constituted the board of directors and were paid equal amounts as compensation. All devoted their entire time to the business of petitioners. Mr. Oppedisano was foreman and had general supervision of production. Mr. Salvatore had charge of the purchase of raw materials and the selling end of the business. Mr. Ferrara was a machinist by trade and had charge of keeping the machinery in operating condition. Mr. D'Agostino had charge of the shipping department and assisted in repair of the machinery. When not engaged in their special duties, all four officers worked at various jobs in the factory. In *232 1940, petitioner employed 12 or 14 common laborers, and in 1941, due to labor shortage, they employed 10 or 12. With the increase in production and with less help, the officers worked from two to three extra hours per day in the factory in the taxable year. The amounts paid the respective officers during the period 1933 to 1941, inclusive, were as follows: Year
Oppedisano
D'Agostino
Salvatore
Ferrara
Total
1933
$ 208.00
$ 208.00
$ 193.00
$ 203.00
$ 812.00
1934
942.78
944.77
923.19
938.19
3,748.93
1935
705.13
845.12
845.12
789.20
3,184.57
1936
1,099.46
1,099.45
1,099.46
1,078.20
4,376.57
1937
2,336.53
2,336.53
2,336.53
2,336.53
9,346.12
1938
4,000.00
4,000.00
4,000.00
4,000.00
16,000.00
1939
4,000.00
4,000.00
4,000.00
4,000.00
16,000.00
1940
3,503.47
3,503.43
3,503.43
3,503.47
14,013.80
1941
6,990.69
6,990.69
6,990.69
6,990.69
27,962.76
The dollar amount of petitioner's gross sales and the net income before and after deduction of compensation paid to its officers were as follows: Net income
Net income
Dollar value
before deducting
after deducting
Year
of sales
amounts paid officers
amounts paid officers
1939
$109,135.40
$16,275.93
$275.93
1940
127,116.47
13,967.45
(Loss) (46.35)
1941
179,465.45
28,920.65
957.89
*233 The increase in dollar volume of the sales in 1941 was due, in part, to an increase of approximately five per cent in the unit sales price. Petitioner kept no formal record of meetings of its directors. No dividend has been declared since these present owners have operated the business. In February or March 1941, Mr. Ferrara advised his coofficers that he had been offered more compensation by other companies and threatened to leave petitioner unless he was to receive more money. An informal meeting of the officers and directors was held and it was decided to increase the compensation of each of the four officers to $7,000 per year. Each officer actually received $6,990.69 as compensation, aggregating $27,962.76, in the taxable year 1941. The respondent determined the amount of $18,000 represented reasonable compensation to petitioner's four officers, disallowing the balance of $9,962.76. A reasonable allowance for salaries for petitioner's four officers, during the taxable year, is $22,000, or $5,500 each. Opinion The stock of petitioner is owned equally by four individuals who constitute its board of directors and receive equal amounts as compensation. Such a situation naturally *234 lends itself to attack on the ground any appreciable increase in compensation to stockholders officers is unreasonable and constitutes a distribution of earnings and profits. As we recently observed in the case of Ridgewood Provisions, Inc., 6 T.C. 87 (January 18, 1946), involving a comparable situation, "the difficulty of drawing the line between what is in fact paid as salary and what part is in the guise of a distribution of profits is apparent." Section 23(a)(1) of the Internal Revenue Code permits the deduction of "a reasonable allowance for salaries or other compensation for personal services actually rendered" during the taxable year. We are required to determine the "reasonableness", giving proper consideration to all the circumstances. The record shows that for the first five years petitioner's earnings were insufficient to enable it to pay its four officers compensation equal to that paid a common laborer. Their average salary for those five years averaged less than $25 per week. In 1938 and 1939, each officer received $4,000. In 1940, with increased sales, the earnings were insufficient to permit the $4,000 payment and the compensation *235 each received was reduced to $3,503.47. In the taxable year 1941, the gross sales, after discounting the five per cent increase in sale price per unit, were increased approximately 38 per cent, and the net income before officers' salaries increased more than 100 per cent. In 1939, the salaries paid to petitioner's officers, and allowed, approximated 15 per cent of the gross sales. In 1940, they approximated 12 per cent of the gross sales. In the taxable year 1941, with less manpower employed but with extra hours of labor on the part of the officers, the petitioner's business was substantially improved. We think the whole record supports our finding of fact that an aggregate payment of $22,000, for personal services rendered to petitioner by its four officers in the taxable year, constitutes a reasonable allowance for such services. Decision will be rendered under Rule 50.